UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY E. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>OTTO MARROQUIN, et al.,<br><br>Defendants. | No. 1:21-cv-00087 ADA GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 33) |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The matter is in the pretrial motion phase of the proceedings.

Plaintiff has filed a motion for the appointment of counsel. ECF No. 33. For the reasons stated below, the motion will be denied.

I.    MOTION FOR THE APPOINTMENT OF COUNSEL

In support of the motion, Plaintiff states, in part, that he is indigent and that he has limited experience dealing with "meritorious issues." ECF No. 33 at 1. In addition, Plaintiff states that the appointment of counsel to his case will increase his chances of proving his claims, and it will alleviate the stress he might have that is related to errors he may make. See id. at 2. Plaintiff further states that his case is complex; that it requires extensive discovery, and that his ability to

1

conduct investigations and depositions is limited.  Id. at 2-3.  Finally, Plaintiff informs the Court that he is hearing impaired; that he has several mental and physical health issues.  Id. at 3-4.  These, Plaintiff contends, constitute "exceptional circumstances."  Id. at 4.

## II.   APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

## III.   DISCUSSION

Plaintiff's motion must be denied.  This matter was commenced by Plaintiff in January 2021.  See ECF No. 1 (Plaintiff's Complaint).  Since then, Plaintiff has adequately represented himself.  Specifically, he has navigated through the discovery phase of this case; he has filed responsive documents when ordered to do so by this Court (see ECF No. 10) (notice on how to proceed), and he has also filed a request for a writ of mandamus on his own in the Ninth Circuit (see ECF No. 8) (petition for writ of mandate).

Given these facts, although Plaintiff's case has the potential to be successful on the merits, in light of the Palmer considerations, at this time, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

1  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of
2  counsel (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated: **November 27, 2023**         **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE