UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY E. BROWN, | No. 1:21-cv-00087 NODJ GSA (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| OTTO MARROQUIN, et al., | (ECF No. 38) |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion to compel discovery. ECF No. 38. Defendants have filed an opposition (ECF No. 40), and the time for Plaintiff to file a reply has expired. See Local Rule 230(l). For the reasons stated below, the motion will be denied.

I.   MOTION TO COMPEL

A.  Plaintiff's Motion

In Plaintiff's motion to compel it appears that he has requested documents from Defendants but they have either not produced them, or not produced them for viewing, and are "stone walling". ECF No. 38 at 3.   Plaintiff also states that Defendants have sent him documents from "CDCR Title 15," along with the Department Operational Manual, but he

1

already has copies of those.  Id.  He also states that Defendants have denied his request for photographs that he could use for his case.[1]  See id.

Finally, Plaintiff asks that Defendants be required to provide documents asked for in his Requests for Production numbered 8, 9 and 10, which ask for documents from Defendants Marroquin and Campbell.  ECF No. 38 at 3.  Plaintiff does not state what the content of these requests are, nor does he state why he needs them or how they are relevant to his case.[2]  See generally id.

### B.  Defendants' Opposition

Ultimately, in Defendants' opposition to the motion to compel they contend either that they have given Plaintiff all that they have in response to a particular request, or that they have nothing to give in response to it.  See generally ECF No. 40 at 2-5, 9-25.  Counsel for Defendants has also filed a declaration indicating the efforts he has made in attempting to procure documents that were responsive to Plaintiff's requests.  Id. at 6-7.  Defendants' opposition also provides a list of the requests Plaintiff has made that are at issue as well as their responses.  They are as follows:

**REQUEST FOR PRODUCTION NO. 3:**

**Plaintiff's Request:**
Any and all photographs taken by CDCR staff in relations to and/or as a result of Plaintiff's being taken from the Program Office to Medical of Kern Valley State Prison C-Yard along with photographs of defendant(s) Otto Marroquin & Darius Campbell On or about July 23, 2020.

**Defendants' Supplemental Response:**
After a reasonable and diligent search, the following documents have been found to be responsive to this request.  The photographs listed below will be burned onto a CD, and the CD provided to the Litigation Coordinator of Plaintiff's current institution, Kern Valley State Prison.  Upon Plaintiff's request, an appointment can be made for Plaintiff to review the photographs.  ¶ 1.  Brown Incident Pictures (AG000081-AG000190).

---

[1]  Although Plaintiff does not identify the Request for Production in which he has asked for photographs (see generally ECF No. 38), based on Defendants' opposition and the attached discovery responses they provided to Plaintiff (see ECF No. 40 at 9-25), it appears that it is Plaintiff's Request for Production No. 3.  Therefore, the Court will address this request in the order.

[2]  Plaintiff states that under separate cover he has forwarded an "Exhibit (A)," which is his Request for Production of Documents that he propounded on Defendants.  See ECF No. 38 at 3.  However, a review of the Court's docket does not indicate that the exhibit was received.

**REQUEST FOR PRODUCTION NO. 8:**

**Plaintiff's Request:**

Any and all documents showing when defendant(s) Campbell and Marroquin took an absence from work due to medical reasons and return back to CDCR. Starting from July 23, 2020 to present.

**Defendants' Response:**

Responding parties object to this request on the following grounds: (1) it is overly broad, burdensome, and not proportional to the needs of the case; (2) it seeks materials that are irrelevant to the claims and defenses at issue in the case; (3) it seeks documents protected by the official information privilege, California Government Code section 6254, California Penal Code sections 832.7 and 832.8, California Evidence Code sections 1040, 1041, and 1043, and Defendants' common law right to privacy; (4) the documents are also protected by the California Code of Regulations, Title 15, § 3321 (Confidential Material); and (5) the request also potentially seeks confidential information, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates.

Given these objections, Defendants cannot comply with this request. If necessary, and after the request is significantly narrowed, Defendants will provide a privilege log at a later date.

**REQUEST FOR PRODUCTION NO. 9:**

**Plaintiff's Request:**

Any and all documents that refer or relate to policies. procedures and practices in effect in July 23, 2020 at Kern Valley State Prison allowing a Supervisor to file written crime/incident reports for correctional officers under their authority.

**Defendants' Response:**

Responding Parties object to this request on the grounds that: ( 1) it is vague and ambiguous as to the term "Any and all documents that refer or relate to"; (2) it seeks materials that are irrelevant to the claims and defenses at issue in the case; and (3) overly broad and burdensome and not proportional to the needs of the case.

Subject to and without waiving these objections, Defendants respond as follows:

After a diligent search, and reasonable inquire, no non-confidential, non-privileged responsive documents have been identified. However, discovery is ongoing. Defendants will produce responsive, relevant, non-confidential and non-privileged documents, if any, at a later time.

**REQUEST FOR PRODUCTION NO. 10:**

**Plaintiff's Request:**

Any and all documents that refer or relate to policies, procedures, and practices in effect in July 23, 2020 of a timeline for CDCR staff to file their own written report at Kern Valley State Prison.

**Defendants' Response:**

Responding Parties object to this request on the grounds that: (1) it is vague and ambiguous as to the terms "Any and all documents that refer or relate to" and "of a tirneline"; (2) it seeks materials that are irrelevant to the claims and defenses at issue in the case; and (3) overly broad and burdensome and not proportional to the needs of the case.

Subject to and without waiving these objections, Defendants respond as follows:

After a diligent search and reasonable inquiry, Defendants are producing the following responsive documents:

    1. Title 15 2020 Incident Reports (AG00000 1- AG000002)
    2. 2019 Department Operations Manual Incident Reports (AG000003-AG000005)

Discovery is ongoing. Defendants will supplement this response if any additional responsive, relevant, non-confidential and non-privileged documents are identified.

ECF No. 40 at 2-5, 9-25.[3]

## II. APPLICABLE LAW

### A. Federal Rule of Civil Procedure 37(a)(3)(B):  Failure to Cooperate in Discovery

Federal Rule of Civil Procedure 37(a)(3)(B)(iii) states:

  (a) Motion for an Order Compelling Disclosure or Discovery.
    (3) Specific Motions.
      (B) *To Compel a Discovery Response.*  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

        . . . .

        (iii) a party fails to answer an interrogatory submitted under Rule 33.

---

[3] Because Plaintiff has not provided a list of his Requests for Production that are in question, or of a list of Defendants' related responses (see generally ECF No. 38), the Court must rely solely on the lists Defendants have provided.

4

Fed. R. Civ. P. 37(a)(3)(B)(iii).

B. <u>Federal Rule of Civil Procedure 26(b)(1): Scope of Discovery</u>

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> (b) Discovery Scope and Limits.
>
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability. In 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. <u>See</u> <u>Blankenship v. Hearst Corp</u>., 519 F.2d 418, 429 (9th Cir. 1975). General or boilerplate objections, without explanation are not prohibited, but are insufficient as a sole basis for an objection or privilege claim. <u>Burlington Northern & Santa Fe Ry. v. United States Dist. Court</u>, 408 F.3d 1142, 1149 (9th Cir. 2005).

### III. DISCUSSION

Plaintiff's Requests for Production must be denied for the reasons discussed herein. To begin, this is largely because in his motion to compel Plaintiff has not sufficiently stated the relevance of these documents, nor why he needs the documents, nor has he indicated why the photographs that Defendants have already produced for him in response to his request are inadequate. See generally ECF No. 38.

Request for Production No. 3 asks for photographs that were taken on the date that Plaintiff states he was beaten by Defendants. See generally ECF No. 38; see also ECF No. 40 at 11-12. Defendants state that the request seeks documents that are protected by the official information privilege, but that they have already made available for Plaintiff one hundred and ten (110) photographs that are allegedly relevant to his excessive force claim. See ECF No. 40 at 2-3, 11-12. In his motion to compel, Plaintiff does not deny Defendants' assertion, nor does he state why the documents Defendants have provided are insufficient. See generally ECF No. 38. Plaintiff had an opportunity to state as much in a reply to Defendants' opposition (see Local Rule 230(l)), but he chose not to file a reply. Therefore, this request will be denied.

Request for Production No. 8 asks Defendants to produce any and all documents related to when Defendants Campbell and Marroquin took medical leaves of absence from work, from "July 23, 2020 to present". ECF No. 40 at 3, 16. However, in the motion to compel Plaintiff does not state why the medical leaves of absence taken by Defendants Campbell and Marroquin are relevant to his case-- and the Court does make assumptions as to why they might be. Defendants have stated that this request is overly broad and that any response to it is protected by privilege. ECF No. 40 at 3, 16. See generally ECF No. 38. Here again, Plaintiff has not countered Defendants' opposition with a reply. As a result, this request shall also be denied.

Request for Production No. 9 asks for documents that refer or relate to policies, procedures and practices that were in effect at Kern Valley State Prison on July 23, 2020 which permitted supervisors to file crime/incident reports for correctional officers under their authority. ECF No. 40 at 4, 17. Again, Plaintiff fails to state how such documents are relevant to his case, and Defendants have stated in their response that the request seeks information that is irrelevant

1  and that they have yet to identify any non-confidential, non-privileged documents that are

2  responsive to this request. Id. at 17.   As for relevance, the Court does make any inferences or

3  draw any conclusions as to why it might be.  Plaintiff should have addressed this in a reply brief.

4  Because he has not, this request must also be denied.

5  Finally, in Request for Production No. 10, Plaintiff asks for documents that relate to

6  policies, procedures and practices that were in effect on July 23, 2020 which establish the

7  timeline for prison staff to file their own written reports at Kern Valley State Prison.  See ECF

8  No. 40 at 5, 17-18.  In response, Defendants assert in part that this request is vague and overly

9  broad.  See id. at 5, 17.  Defendants however, do state that they have provided Plaintiff with two

10 (2) documents they feel are responsive to this request.  Id. at 17.  In the motion to compel,

11 Plaintiff does not state why these two documents are insufficient to satisfy his request, nor why

12 his request is otherwise relevant.  See generally ECF No. 38.  Therefore, this request must

13 likewise be denied.

14     IV.   CONCLUSION

15 With respect to each of the four Requests for Production in Plaintiff's motion to compel,

16 he has not clearly stated to the Court how his requests are relevant to the prosecution of this case,

17 or why Defendant's responses to date have been inadequate and/or "stone walling", this despite

18 having opportunities to do so both in his motion to compel and in a reply that he had the

19 opportunity to file, but did not.  For these reasons, the motion to compel must be denied in its

20 entirety.

21 Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 38)

22 is DENIED.

23

24 IT IS SO ORDERED.

25   Dated:   **February 22, 2024**           **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

26

27

28